UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE DELVECCHIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:25-CV-_____ |
| ) | |
| MAINE SCHOOL ADMINISTRATIVE ) | |
| DISTRICT 61 ) | |
| ) | |
| Defendant ) | |

**COMPLAINT**

_____

Plaintiff Michelle Delvecchio complains against Maine School Administrative District 61 ("MSAD 61") as follows.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Michelle Delvecchio is an individual residing in Bridgton, Cumberland County, Maine.

2. Defendant MSAD 61 is a Maine school district responsible for administering Maine public schools in Bridgton, Casco and Naples.

3. This case arises under the Federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq*. Specifically, this case arises from the Defendant's unlawful interference with Plaintiff's right to protective leave under the FMLA, and Defendant's retaliation against Plaintiff for taking protected leave.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and the FMLA, 29 U.S.C. § 2601 *et. seq*., as this claim arises from the violation of federal law.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b) by virtue of the fact that Defendant employed Plaintiff in Maine and all of the events and/or omissions giving rise to Plaintiff's claims occurred in Maine.

6.  Based on the foregoing, the Defendants are subject to personal jurisdiction in Maine.

## FACTS COMMON TO ALL COUNTS

7.  As of February 2023, Plaintiff Ms. Delvecchio was an employee of the Stevens Brook Elementary School in Bridgton, Maine, which is administered by MSAD 61.

8.  As of February 2023, Plaintiff Ms. Delvecchio was the primary caregiver and foster parent for a young girl ("RD") who at all relevant times has suffered from several serious health issues.

9.  In February 2023, Ms. Delvecchio requested FMLA time off from May 22 – May 26, 2023 via MSAD 61's Time Clock Plus ("TCP") program in order to take RD on a therapeutic vacation.

10.  This request for FMLA leave was initially approved by the Stevens School's principal.

11.  On or about April 12, 2023, the Stevens School alleges that it became aware of Ms. Delvecchio's intent to take RD on a therapeutic vacation to Disney during her requested FMLA leave.

12.  Upon allegedly learning of Plaintiff Ms. Delvecchio's intended use of her FLMA leave, MSAD 61's human resources department contacted Ms. Delvecchio to have her change her request to one for "personal leave." Ms. Delvecchio complied with this request on May 3, 2023.

2

13. Upon receipt of Ms. Delvecchio's modified request for personal leave, which was submitted at MSAD 61's direction, MSAD 61 issued a letter on May 3, 2023 denying her request for both FMLA and personal leave.

14. MSAD 61's May 3, 2023 letter indicates that while the Stevens School's principal initially approved Ms. Delvecchio's request for leave, this was under the 'mistaken' assumption that this time was to be used for family sick days instead of a family vacation.

15. With respect to MSAD 61's denial of Plaintiff Ms. Delvecchio's request for personal leave, its May 3, 2023 letter states as follows:

> On May 3, 2023, I received the appropriate District leave request. As a Special Services Educational Technician and a valued member of the Stevens Brook Elementary School staff, you understand that we owe it to our students to provide them with the best possible educational opportunities. In my judgment, not having you available to work with your students for a week would not be in their best interest, nor would you be fulfilling your contractual obligations as noted under 4.2 Personal Leave in your contract. While it is unfortunate that you have already booked your flight, I am denying your request. Should you decide to go on this vacation, your employment for M.S.A.D. #61 will be terminated as of May 19, 2023.

16. Plaintiff Ms. Delvecchio requested this time off in February 2023, which gave MSAD 61 three months to arrange for adequate coverage while she was away.

17. On May 5, 2023, Plaintiff Ms. Delvecchio produced a letter from Alyssa Morrison, LMSW-CC in support of her initial request for Family Medical Leave. This letter states as follows:

> This letter is in support of Michelle Delvecchio accessing Family Medical Leave for the purpose of a therapeutic vacation with her foster daughter, who is my client. I cannot share confidential information regarding my client, but can tell you that every bit of the planned vacation is geared toward supporting her mental health and healing, which I encourage. The Department of Health and Human Services also supports this decision. I strongly recommend Michelle Delvecchio is approved for FMLA.

18. In response, MSAD 61 informed Ms. Delvecchio that "taking a vacation to Disney World does not qualify for FMLA." MSAD 61 also reiterated that if Ms. Delvecchio did not appear for work during her previously approved FMLA leave, her employment would be terminated.

19. Plaintiff Ms. Delvecchio had already expended a substantial amount of money for this therapeutic vacation months before MSAD 61 abruptly reversed course and denied her requests for both FMLA and personal leave.

20. Ms. Delvecchio reluctantly opted to submit her resignation, as she could not afford to simply throw away the considerable nonrefundable funds she had already invested in the planned therapeutic trip.

## COUNT I – FMLA INTERFERENCE

21. Plaintiff Ms. Delvecchio repeats the allegations in Paragraphs 1 through 20 of the Complaint.

22. Defendant MSAD 61 is an employer within the meaning of the FMLA, employing at least 50 employees for each of 20 or more calendar weeks at all relevant times.

23. Defendant MSAD 61 was aware of RD's medical condition and need for FMLA leave.

24. Defendant MSAD 61 interfered with Plaintiff Ms. Delvecchio's substantive rights under the FMLA by denying her request for FMLA leave.

25. As the result of Defendant's FMLA interference, Plaintiff Ms. Delvecchio has incurred damages, including lost wages, lost employee benefits, back pay, front pay, attorney fees, costs and expenses.

26. Defendant's violation of the FMLA was willful, justifying an award of liquidated damages under the FMLA.

## COUNT II – FMLA RETALIATION

27. Plaintiff Ms. Delvecchio repeats the allegations in paragraphs 1 through 26 of the Complaint.

28. Defendant MSAD 61 discriminated against Plaintiff Ms. Delvecchio by terminating her employment for taking FMLA protected leave to which she was lawfully entitled.

29. There is a causal connection between Plaintiff Ms. Delvecchio's exercise of her rights under the FMLA and her termination, as expressly set forth in Defendant's written correspondence confirming same.

30. Based on the foregoing, Defendant retaliated against Plaintiff Ms. Delvecchio for exercising her rights under the FMLA.

31. As a result of Defendant's FMLA retaliation, Plaintiff Ms. Delvecchio has incurred damages, including lost wages, lost employee benefits, back pay, front pay, attorney fees, costs and expenses.

32. Defendant MSAD 61's violation of the FMLA was willful, justifying an award of liquidated damages under the FMLA.

## COUNT III – MAINE FAMILY MEDICAL LEAVE ACT

33. Plaintiff repeats the allegations in paragraphs 1 through 32 of the Complaint.

34. Defendant MSAD 61 discharged Plaintiff Ms. Delvecchio for exercising her rights under the Maine Family Medical Leave Act.

35. As the result of Defendant's interference with Plaintiff's rights under the Maine Family Medical Leave Act, Plaintiff has incurred damages, including lost wages, lost employee benefits, back pay, front pay, attorney fees, costs and expenses.

## JURY TRIAL DEMAND

Plaintiff Michelle Delvecchio hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States.

Dated: January 31, 2025                              Respectfully submitted,


/s/ Thomas L. Douglas, Esq.
Thomas L. Douglas, Esq.
DOUGLAS MCDANIEL
& CAMPO LLC, PA
490 Walnut Hill Road
North Yarmouth, ME 04097
(207) 591-5747
*E-mail: tdouglas@douglasmcdaniel.com*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 31, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing all parties of record.

                                          /s/ Thomas L. Douglas
                                          Thomas L. Douglas, Esq.
                                          DOUGLAS MCDANIEL
                                          & CAMPO LLC, PA
                                            490 Walnut Hill Road
                                          North Yarmouth, ME 04097
                                          (207) 591-5747
                                          *E-mail: tdouglas@douglasmcdaniel.com*